(Summit Common Pleas, Dec. Term, 1891)

DUSSELL v. AKRON STREET RAILROAD COMPANY.

---

*Street railway passenger—Presumption as to care—*

1. A passenger on a street car, in the absence of knowledge to the contrary, and acting in good faith, is entitled to presume that a street railway company will not be negligent in the performance of its duty, and will not expose such passenger to any hazard that reasonable care and prudence could fairly guard against.

*Rule as to stopping cars—*

2. A street car should be stopped long enough to allow a passenger thereon to alight in safety.

*Ordinance as to assisting passenger to alight—*

3. An ordinance of a city making it the duty of conductors of street cars to assist passengers to alight, may be considered by the jury in determining what actual assistance should have been given beyond stopping the cars for a reasonable time.

*Proximate cause defined—*

4. "Proximate cause" is a cause from which a man of ordinary experience and sagacity would foresee that the result would follow, that the injury was of such a character as might reasonably have been foreseen or expected as the natural and ordinary result of the negligence complained of.

*Rule as to care and skill required—*

5. The law requires the utmost care and skill which prudent men are accustomed to use under similar circumstances, but the rule is not to be pressed to an extent which would make the conduct of a business so expensive as to be wholly impracticable.

*Pleading — Contributory negligence — Negative averment—*

6. In an action for personal injuries caused by the negligence of defendant, it is not necessary on her part for plaintiff to allege that the injury was caused without negligence on her part; but having pleaded, and issues having been taken thereon, the defendant is entitled to the benefit of the defense of contributory negligence, the same as if affirmatively alleged in the answer.

*Charge to jury—Instruction as to disagreement—*

7. A jury in an action for personal injuries may well remember that if they disagree that the contention must be settled finally by a jury of twelve men not better qualified to try the issues of fact and upon no better presentation of the case.

*Same—Rule as to Disagreement—*

8. A disagreement should not be had when an agreement can be reasonably secured by an impartial, candid and fair concurrence of the individual judgment of each juror.

*Same—Instruction as to Findings—*

9. Both parties are entitled to the independent and best judgment of each juror, therefore it is the duty of a juror not to yield a well grounded conviction because it does not accord with the convictions of his fellow jurors.

*Same—Instruction as to Findings—*

10. Experience shows that the candid, im-

partial judgment of ten or eleven intelligent men is a safer guide than of one or two equally candid, intelligent and impartial men. Therefore, while one or more men may be right in their convictions, it is safer for them to consider well the sources of their convictions before they finally decide against an agreement.

(The judgment in this case was affirmed by the circuit court, April term, 1892, and by the supreme court, without report, 52 Ohio St., 648, 33 W. L. B., 98.)

This suit was originally brought by Lida M. Dussel against the Akron Street Railroad Company to recover for a personal injury alleged to have been received by her at the hands of defendant in the following manner to-wit:

The claim is that on or about October 2, 1889, she was a passenger on one of the cars of the defendant company, and that she undertook to leave said car at the corner of Market and Main streets in the city of Akron, and that, before she had left the car, the same was started, and she was thrown to the ground, and received the injury complained of. The defendant denies substantially everything in the petition, except that the defendant is a corporation.

Charge to the Jury.

VORIS, J.

The trial of a civil action conducted with dignity, intelligence and good judgment, and I am happy to say that as far as counsel are concerned this has been such, and consummated by the impartial, conscientious and intelligent finding of a jury constitutes the performance of a public service of the highest character. The court knows of no more important public duty than you are now engaged in. You constitute an indispensable part of the court whose offices are just as important and dignified as those of the judge presiding. The courts thus constituted are the supreme power that finally determines all litigated contentions; and to whose power all the people and every public officer of the state must yield.

Hence you see that the people justly take a deep interest in the determination of jury trials. Public confidence is strengthened or shaken as juries discharge intelligently or loosely their duties. I make these suggestions because I want to impress upon you that the final duty you are about to perform is one of very great importance, one that deeply concerns the public welfare as well as the litigating parties.

You have been carefully selected from the citizens of the county because of your special fitness and qualification to discharge these important duties.

It is fair to say that the experience of mankind goes to show that the candid, impartial judgment of ten or eleven intelligent men is a safer guide than that of one or two equally candid, intelligent and impartial men; and while one or two men may be right in their convictions yet it is safer for them to consider well the sources of their convictions before they finally decide against an agreement. Yet every juror should feel that it is his duty not to yield a well grounded conviction, because it does not accord with the convictions of his fellow jurors. Both parties to this action are entitled to the independent and best judgment of each juror.

A disagreement should not be had when an agreement can be reasonably secured by an impartial, candid and fair concurrence of the individual judgment of each juror.

You may well remember that if this jury disagree, that this contention must be settled finally by a jury of twelve men, in no respect better qualified to try the issues of fact than you are, and upon no better presentation of the case to them.

Honest, candid, independent discussion leads to truth, heated controversy to disagreement.

I will now read the pleadings to better enable you to remember the boundaries of the case. Which were thereupon read.

The effect of the answer except as to the admitted matter, which is to be taken by you as true, is, to cast upon the plaintiff the burden of maintaining all the other allegations of her petition by a preponderance of the evidence. That is, she must maintain by a preponderance of the evidence the acts of negligence alleged in the petition to have been committed by the defendant; that she was so injured thereby; and the other grounds which she asked to be compensated, before she is entitled to recover.

We hold that it was necessary for the plaintiff to allege in her petition "that said injury to the plaintiff was caused without negligence on her part;" but having been plea'ed and issue taken thereon, though the defense of contributory negligence is not affirmatively set up in defendant's answer, we think that under the state of the pleadings, that the question of contributory negligence on part of the plaintiff may be submitted to the jury as part of the case to be determined by you.

The court will now define what we mean by negligence that will support an action. It must consist in some act or omission of duty that in the natural and ordinary course of events is the immediate cause of an injury to another, and resulting in some substantial damage. It is also defined as being the want of ordinary care, and may consist in doing

something which ought not to be done, or in not doing something which ought to be done. By ordinary care, we mean that degree of care which persons of ordinary care and prudence are accustomed to use and employ, under the same or similar circumstances, in order to conduct the enterprise in which they are engaged in a safe and successful termination, having due regard to the rights of others, and the objects to be accomplished. Ordinary care required by the rule, has not only an absolute, but also a relative signification. It is such care as prudent persons are accustomed to exercise, under the peculiar circumstances of each case. If called into exercise under circumstances of peculiar peril, a greater amount of care is required than where the circumstances are less perilous; because prudent and careful persons, having in view the object to be obtained, and the just rights of others, are in such cases, accustomed to exercise more care than in cases less perilous. The amount of care is indeed increased, but the standard is still the same. It is still nothing more than ordinary care under the circumstances of that particular case. The circumstances, then, are to be regarded in determining whether ordinary care has been exercised.

The want of proper care is the want of that care which a reasonable man, guided by those considerations which should regulate conduct of human affairs, would have exercised under the circumstances of that particular case, the failure to observe for the protection of the interests of another person that degree of care, precaution and vigilance which the circumstances justly demand.

There is no presumption of negligence as against either party to this suit, except such as arises from the facts proven. Indeed, the presumption of law is, that neither party was guilty of negligence, and such presumption must prevail until overcome by the evidence submitted to you.

Intent is not an element of legal negligence; therefore the plaintiff need not show that the injury was intentional.

The negligence complained of, in order to enable the plaintiff to recover, must be the proximate cause of the injury. I mean by "proximate cause," a cause from which a man of ordinary experience and sagacity would foresee that the result would follow; that the injury was of such a character as might reasonably have been foreseen or expected as the natural and ordinary result of the negligence complained of. The injury must have been the direct and not the remote result thereof. In this sense you will inquire into the evidence to determine whether the defendant was guilty of the negligence with which it is charged.

In the light of the evidence, how do you find the facts alleged in plaintiff's petition to be?

Did the plaintiff become a passenger on the car of the defendant on or about October 2, 1889?

Was she thrown violently to the ground while in the act of leaving the car, by the starting of the car without notice or warning?

Was she thereby greatly injured?

Were the injuries caused without negligence on her part, but because of the negligence of the defendant in the respect named in the petition?

Did the defendant furnish a defective car?

Were the appliances insufficient for stopping and holding the car?

Did the conductor or motorman neglect to hold the car stationary until the plaintiff alighted?

Were they, or either of them, negligent in starting the car while she was still on the car, and in the act of leaving it?

Did the conductor neglect to assist the plaintiff to alight from the car?

These are questions you must answer affirmatively from a preponderance of the evidence, as hereinafter explained and limited, before you can find for the plaintiff

You must also be satisfied by a like preponderance of the evidence of her injuries and the extent thereof before you can award damages.

How do you find these facts to be? The order in which I have stated these questions suggests a logical and practical course for you to take in your deliberations, though not obligatory on you. How do you find these facts? The evidence and our instructions to you should be your sole guides in determining the true answer to these questions; you have no right to indulge in speculation or conjectures not supported by the evidence.

The plaintiff can only recover upon the particular act of negligence complained of in the petition; but it is sufficient if you find any such negligence on part of defendant—this is the explanation and limitation to which I call your attention—that proximately cause the injury complained of, if, in other respects your finding answers the conditions of our instructions to you.

If, guided by these instructions, you should find that the plaintiff's charge of negligence is not supported by such preponderance of the evidence, you need go no further, but find for the defendant

Or, if you should find from the evidence that the defendant was so guilty of negligence and that it proximately caused the injuries complained of, yet, if you find from a preponderance of all the evidence that the injury com-

plained of would not have occurred but for the concurring negligence of the plaintiff directly contributing thereto; I do not use the term immediately in the sense of being immediate in point of time, but as directly or approximately, and not remotely, contributing thereto. An approximate cause is a probable cause, a remote cause is an improbable cause—that is, if, by the exercise of ordinary care and prudence she could have avoided the injury, then she cannot recover, for it was the duty of the plaintiff at the time to exercise ordinary, reasonable care and prudence under all the circumstances to protect herself from injury. But no presumption of negligence can arise against the plaintiff except that produced by the evidence in the case.

The plaintiff cannot recover compensation for any damage which she might have avoided by the use of ordinary care and prudence. So, if she did not take reasonable care of herself under the circumstances, or if she exposed herself to hazard she ought not to have encountered under the circumstances known to her, or that reasonably ought to have been known to her, and she thereby caused injury to herself, she cannot recover therefor.

Or, if you believe from the evidence that the injury to the plaintiff happened to her by mere accident, without any fault on the part of defendant; when I speak of the fault of defendant I include its conductor and other employes of defendant on the car at the time of the injury—the plaintiff cannot recover.

But, if you should find she was not guilty of such contributory negligence and you further find from these instructions and guided by them, that the defendant was guilty of negligence as herein defined and limited, and that the plaintiff was injured thereby, your verdict should be for the plaintiff, and for such an amount as will fully compensate her for the injuries sustained by her by reason of the negligence complained of, but it can not be for other injuries than those caused by the negligence complained of, guided in that respect by the instruction the court will give you further on.

In general, the passenger carrier is bound by the acts of its employes and agents, in the scope of their employment; and must answer for their negligence or wrongful performance in the scope of their employment. In other words, the negligence of the conductor and motorman on this car, in the scope of their employment, would be the negligence of the defendant company, for which the defendant would be held liable, if you find that they or either of them were negligent in the performance of their duties as such employes and

agents of the defendant, in respect to the negligence charged.

As to stopping cars; the court cannot say to you as matter of law how long the car of the defendant ought to have stopped when plaintiff got off; but whether the car did stop, or whether it stopped long enough for plaintiff to alight with safety, are matters of fact for you to determine under all the circumstances of the case given you in the evidence. We do, however, say to you that the car ought to have been stopped long enough to give the plaintiff reasonable opportunity to alight in safety.

What actual assistance beyond stopping the cars for a reasonable time the conductor ought to have given to the plaintiff, if any, we leave as a question of fact for you to determine under all the circumstances developed by the evidence, and you may consider the ordinance of the city, making it the duty of the conductor to assist passengers to alight, in connection with the other evidence in the case, giving it such effect as you think it entitled to.

The defendant was not the insurer of the safety of the plaintiff in alighting from the car, but by accepting her as a passenger on its car, it bound itself to provide her with a safe car to transport her to the place of destination, and not to expose her to any hazard in alighting, that reasonable care and prudence could prevent; and in taking passage on the car, she took upon herself the hazard incident to passenger transportation upon the defendant's car when properly managed only, and upon a car competent for the service to which it was applied, at the time of the injury.

As matter of public policy the law requires a strict performance of the obligations assumed by the public carrier. In accepting the passenger for transportation, the defendant cannot be heard to say that it is not liable for the injuries caused to the passenger by its performance, while the relation exists, unless it has exercised, under all the circumstances, that degree of care and prudence in its management, and in the instrumentalities employed by it, that prudent men in like circumstances usually employ, and commensurate with the hazards ordinarily to be encountered. The rule requires that it should do everything necessary to secure the safety of its passengers, reasonably consistent with the business and the means of conveyance employed in street railway carriage.

The law requires the utmost care and skill which prudent men are accustomed to use under similar circumstances, but the rule is not to be pressed to an extent which would make the conduct of the business so expensive as to be wholly impracticable. But the common

carrier must do all that any one in his position could reasonably do to guard against injury to his passengers, and to provide such facilities—instrumentalities—as are required for the safe and prudent carriage of passengers for pay. In the absence of knowledge to the contrary, if the plaintiff acted in good faith, she was entitled to presume that the defendant would not be negligent in the performance of its whole duty to her, and that she would not be exposed to any hazard that reasonable care and prudence could fairly guard against.

As to the measure of damages, we say to you that if the plaintiff is entitled to recover, she is entitled to such sum as in your judgment, guided by the evidence, will compensate her for the injury, caused by the negligent act of the defendant, but it must be confined to the injury caused by such negligence of the defendant, and not caused by any negligence as above defined, on her part. This should include compensation for impaired health, mental anguish and physical suffering, expenses of surgical and medical attendance and nursing; bodily pain according to its degree and probable duration; bodily injury, taking into account loss of time, the extent and probable duration of the injury, its effect on the health, the mental and physical powers, the capacity for labor, the pursuit of an occupation and earning of money; as you find the facts to be from the evidence .

While it is no defense to say that the plaintiff was a person of susceptible nervous diathesis, or infirm health, and liable to break down from nervous exhaustion or other causes, yet these circumstances as you find the fact to be, may and should be considered by you in determining what compensation she ought to receive, if any, by reason of future continued impairing inability to earn wages or engage in profitable employment, as bearing upon the question of the length of time she may or may not continue to be disabled and the probable duration of her life. But for whatever such impairment she has so sustained or will sustain.and caused by such negligence of the defendant, she is entitled to be compensated, so far as you can reasonably ascertain from the evidence. What effe.t, if any, did continuing to teach after October 2. 1889, by plaintiff have? These are to be determined by you in the light of the evidence submitted to you. We say to you that for any suffering or impairment caused or sustained by reason thereof she cannot recover if by reasonable care and prudence under all the circumstances—and the surrounding circumstances should be considered in determining whether she exercised reasonable care and prudence—she could have avoided them. The defendant cannot be charged with the consequences of the want of reasonable care and prudence of the plaintiff that caused her suffering and impairment that otherwise she would not have endured. But we say to you however, that it is not sufficient to defeat her action that she thereby only aggravated the injury caused by the negligence of defendant.

As to the amount of compensation, the court can give you no further assistance. The law has wisely left that to the intelligent, candor and impartial judgment of twelve jurors. Neither should your prejudices or sympathies in the least affect that judgment. What does a fair consideration of the evidence say that impartial justice demands.

It is the pride of our jurisdiction that justice is administered impartially. The law loves even handed justice and is no respecter of persons. The rich, and the poor, the weak and the influential, are alike entitled to its protection. You are the exponents of that sense of justice.

At the request of counsel for defendant we instruct you as follows:

Where physicians testify that plaintiff's injuries are permanent, and that, if she were sick from other causes, the injuries would cause serious complications, it is proper to submit to the jury the question of the plaintiff's liability to suffer more from other illness than she would otherwise have done.

A tort to health already impaired is redressed by giving damages both for any further impairment, and for any obstruction occasioned by the tort to recover from existing. disease.

That it is the jury's duty to consider the plaintiff's physical condition before and since the injuries, the physical and mental pain suffered on account of the injuries during the same time, the amount of future pain to arise therefrom, together with all other circumstances shown in evidence, and considering all the circumstances aforesaid.

In an action to recover for a personal injury, medical evidence of plaintiff's condition, both before and after suit brought, is competent to show the nature and effects of the injury, and its character as to permanence.

And the above and foregoing was all of the charge given to the jury by the court.

Defendant requests the court to submit special findings to the jury, which request the court refused; to which refusal the defendant excepted.

And thereupon the jury retired.

The plaintiff asks the court to note the following exceptions:

1. To the court's instructions in the charge of the pleadings in the case as regards con-

tributory negligence on the part of the plaintiff, to the court's charging that contributory negligence is to be taken as plead.

2. To the charge of the court as to the burden of proof, and especially to the failure of the court to charge that upon contributory negligence the burden is upon the defendant, if it arises in the case at all.

3. To that portion of the charge which speaks of the care due from the defendant as being ordinary care, and of the failure of the court to charge that the care required of the defendant is the highest degree of care which is practicable under the circumstances.

4. To the charge of the court that there is no presumption of negligence except such as arises from the facts proved, and to that part of the charge in which he says the injury must be the direct cause and not the presumed result, excepting especially to that language as liable to be misunderstood and misleading.

5. To that part of the charge which treats of the plaintiff's negligence after the injury, and to each part thereof.

6. To that part of the charge which limits the care due from a common carrier to that which does not involve too great expense.

7. To the request of the defendant which was read to the jury.

The defendant asks the court to note the following exceptions:

1. To that part of the charge referring to the safety of following the judgment of ten or eleven of the jurors by the one or two, or not disagreeing, and the effects of a disagreement, the substance of that.

2. To that part of the charge which says it is necessary to aver in the petition the want of negligence of the plaintiff.

3. In referring to that part of the charge which puts sundry questions with reference to alleged negligence of the defendant: "Did the defendant stop its car? Did it start its car?" and so forth. In that connection in omitting to put the further question, did the plaintiff when on the platform after the car had started continue to get off when she could have remained on the car until she caused it to be again stopped, excepts to have given the series of questions put, omitting others in issue, as being misleading.

4. To that part of the charge which says that the jury should not conjecture or speculate as to the accident.

5. To that part of the charge which says that the car ought to have been stopped long enough to enable plaintiff to alight and not in that same connection have said that if it did not so yet the plaintiff had no right to get off the car if by the exercise of reasonable care she could have remained on the same and

avoided the accident.

6. To that part of the charge relating to the matter of damages which said that the impaired health should be considered in relation to her future suffering, and to the refusal to give the requests of the defendant.

And thereupon the jury after due deliberation, returned a verdict for the plaintiff and assessed he damages at $3,000.